IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KAREN LORAYNE WOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-16-986-R |
| | ) | |
| OKLAHOMA DEPARTMENT OF | ) | |
| CORRECITONS, STATE OF | ) | |
| OKLAHOMA AND DIRECTOR OF THE | ) | |
| DEPARTMENT OF CORRECTIONS | ) | |
| AND ALL OF ITS AGENTS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. No. 13), filed by Defendants. Plaintiff, appearing *pro se,* filed a response in opposition to the motion. Having considered the parties' submissions, the Court finds as follows.

Plaintiff filed this action seeking declaratory and injunctive relief with regard to her request for visitation with her incarcerated husband.[1] She contends she is lawfully married

---

[1] Plaintiff takes issue with characterization by Defendant that her case arises under 42 U.S.C. § 1983, contending that she is not seeking relief thereunder. 42 U.S.C. § 1983, however, is the proper vehicle for seeking a determination regarding the constitutionality of the purported decision to deny the legality of Plaintiff's marriage or to deny her visitation on the basis that the marriage is invalid. The Court finds, however, that the Oklahoma Department of Corrections, which is an agency of the State, and the State of Oklahoma are entitled to dismissal of this action, without prejudice, on the grounds of sovereign immunity. *See United States ex rel. Burlbaw v. Orenduff,* 548 F.3d 931, 942 (10th Cir.2008) (court may raise issue of Eleventh Amendment immunity *sua sponte*); *Eastwood v. Dep't of Corr. of Okla.*, 846 F.2d 627, 631-32 (10th Cir. 1988) (Oklahoma DOC is an arm of the state entitled to Eleventh Amendment immunity); *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007) ("Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages."). Plaintiff, however, is not without recourse, as her claim against the Director of the Department, in his official capacity, may proceed to the extent she is seeking prospective injunctive relief. *See Hill v. Kemp*, 478 F.3d 1236 (10th Cir. 2007); *Ex Parte Young*, 209 U.S. 123, 155-56 (1908) (prospective relief against a state official in his official capacity to prevent future constitutional violation s is not barred by the Eleventh Amendment). The Court makes no finding as to whether Plaintiff has sued the appropriate individual. Finally, Plaintiff's attempt to include any and all employees

to Bryant Wood, both via common law and proxy marriage, but that the Department will not recognize her marriage so as to permit her to visit him. Ms. Wood alleges she and Mr. Wood were parties to a proxy marriage performed via telephone in Texas, which recognizes proxy marriage. She alleges the Department informed her that it did not recognize the proxy marriage as legal, and therefore denied her request for visitation. Plaintiff alleges the Department approved a special visit in December 2015, but denied her second request, although she does not specifically allege a reason for denial of subsequent visits. She asserts that she has continued to seek visitation with Mr. Wood. She identifies her claims as (1) violation of her due process rights, specifically the right to marry; (2) violation of her equal protection rights, in that she has been denied visitation while other spouses of inmates have not been so denied; (3) violation of the full faith and credit clause; and (4) violation of the supremacy clause.

For purposes of resolving a 12(b)(6) motion, the Court accepts as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff. *Smith v. United* States, 561 F.3d 1090, 1098 (10th Cir. 2009). Because Plaintiff is proceeding *pro se*, the Court construes her complaint liberally. However, *pro se* parties are "not relieve[d] ... of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

---

of the Department, if indeed that is her desire, by naming the agents of the Department is not sufficient to bring those persons as parties in this action.

Defendants seek dismissal of the Complaint asserting that Plaintiff offers only unsupported conclusory allegations insufficient to establish an equal protection claim and that she has not sufficiently plead an ongoing constitutional violation to support her request for injunctive relief. Defendants do not directly address Plaintiff's due process claim, nor do they address Plaintiff's contention that the full faith and credit clause or the supremacy clause entitle her to relief. Plaintiff responds by asserting that her allegations are sufficient to avoid dismissal.

Defendants concede that Ms. Woods, although not a prisoner, is entitled to the same protection as a prisoner with regard to the assessment of whether the decision denying her visitation deprived her of her constitutional rights. *Thornburgh v Abbott*, 490 U.S. 401, 410 (1974). Plaintiff contends that Defendants, in failing to acknowledge her marriage and permit her visitation, have infringed on a fundamental right, namely marriage. Defendants contend that because Plaintiff was able to marry Mr. Woods that they could not have interfered with this fundamental right, and that visitation with an inmate is not a fundamental right.

When a plaintiff does not allege violation of a fundamental right or the existence of a suspect classification, the issue is whether the Department's policies bear a rationale relationship to a legitimate penological interest. *Turner v.* Safley, 482 U.S. 78, 89-91 (1987). The Court uses four factors to guide this inquiry:

> whether a rational connection exists between the prison policy regulation and a legitimate governmental interest advanced as its justification; (2) whether alternative means of exercising the right are available notwithstanding the policy or regulation; (3) what effect accommodating the exercise of the right would have on guards, other prisoners, and prison resources generally; and

3

>    (4) whether ready, easy-to-implement alternatives exist that would accommodate the prisoner's rights.

*Beerheide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir.2002) (citing *Turner*, 482 U.S. at 89–91). The first is the most important; it is "not simply a consideration to be weighed but rather an essential requirement." *Boles v. Neet*, 486 F.3d 1177, 1181 (10th Cir.2007) (quotation omitted). Analysis of all four *Turner* factors is not necessary until the summary judgment stage. *Al–Owhali v. Holder*, 687 F.3d 1236 (10th Cir.2012); *Jones v. Salt Lake Cnty.*, 503 F.3d 1147, 1153–59 (10th Cir.2007). Accordingly, at the pleading stage, Plaintiff must "include sufficient facts to indicate the plausibility that the actions of which [she complains] were not reasonably related to legitimate penological interests." *Gee v. Pacheco,* 627 F.3d 1178, 1188 (10th Cir.2010).

There is no fundamental right to prison visitation for either the inmate or the visitor. "The denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence.' . . . Nor is access to a particular visitor independently protected by the Due Process Clause." *Navin v. Iowa Dep't of Corrections*, 843 F.Supp. 500, 504 (N.D. Iowa 1994)(quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) and (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461 (1989). Accordingly, Plaintiff cannot prevail by relying on the existence of a fundamental right to visitation.

"Equal protection is essentially a direction that all persons similarly situated should be treated alike." *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir.2006) (internal quotation marks omitted). Plaintiff's status as the wife of an inmate is not a suspect class,

and therefore, Plaintiff may prevail only if she can establish that the differential treatment was not rationally related to a legitimate penological purpose. *Id.*

> There must be a rational basis for distinctions by prison officials in the application of visitation policies to similarly situated inmates. *See Robinson v. Palmer*, 841 F.2d 1151, 1157 (D.C.Cir.1988); *Smith v. Coughlin*, 748 F.2d 783, 787–88 (2d Cir.1984); *Buehl v. Lehman*, 802 F.Supp. 1266, 1271 n. 9 (E.D.Pa.1992).

*Africa v. Vaughan*, 998 F. Supp. 552, 554 (E.D. Pa. 1998). Liberally construed, as required by H*aines v. Kerner*, 404 U.S. 519, 520–21 (1972), Plaintiff alleges she is being treated differently than other similarly situated persons, that is people married to inmates but not through proxy marriages, because she is being denied visitation and that there is no basis for the differential treatment. As noted in a similar case, *Pierce v. Dept. of Corrections*, 2013 WL 6115755 (W.D.Okla. Nov. 20, 2013), Plaintiff's allegations survive a motion to dismiss.

> Plaintiff alleges that defendant infringed on her constitutional right to marry when they refused to recognize her proxy marriage celebrated in Texas and her common law marriage. Further, plaintiff alleges that defendants denied her the right to visit with her husband, who is incarcerated at defendants' facility, while at the same time extending such privileges to other spouse who are married to incarcerated individuals at defendants' facilities. Defendants allegedly refused to recognize proxy marriages because Oklahoma prohibits such marriages. While it is true Oklahoma does not authorize proxy marriages, it is also true that proxy marriage occurred in the state of Texas and that plaintiff alleges that she is the common law wife of inmate Pierce. In addition, defendants' motion is void of any assertion of how their policy serves penological interests by refusing proxy marriages validly entered in another state simply because such marriage is not permitted in Oklahoma.

*Id.* at *3 (footnote omitted). As a result, the Court finds that Plaintiff has sufficiently stated a claim and dismissal on this ground is inappropriate.

Defendants also contend that Plaintiff's claim for injunctive relief must be dismissed because she does not allege an ongoing constitutional violation. Plaintiff, however, pleads that she continues to seek visitation, and the clear inference from her Complaint is that visitation continues to be denied. Although there may be other reasons that Plaintiff has been denied visitation, they are not identified in Plaintiff's Complaint, the operative document nor do Defendants identify any reasons, although they note that the proxy marriage may not be the sole reason visitation has been denied. As such, the Court declines at this juncture to dismiss her request for injunctive relief.

For the reasons set forth herein, Defendants' Motion to Dismiss is DENIED. The Court *sua sponte* dismisses the State of Oklahoma, the Oklahoma Department of Corrections and the Agents of the Department.

IT IS SO ORDERED this 26th day of January, 2017.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE